IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELBA A. TILMON                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. 17-2396
                                         )
POLO RALPH LAUREN FACTORY STORE,         )
                                         )
                    Defendant.           )

## REPORT AND RECOMMENDATION

The pro se plaintiff, Melba A. Tilmon, has moved to proceed with this action *in forma pauperis* (ECF No. 3). The undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends that the motion be denied.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[1] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[2] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay

---

[1]28 U.S.C. § 1915(a)(1).

[2]*Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v. Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

or give security for the costs 'and still be able to provide [her]self and dependents with the necessities of life.'"[3]  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[4]  The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[5]

Plaintiff's affidavit of financial status indicates that although her income is "not large, it allow[s] her some discretionary spending money."[6]  Plaintiff is employed and earns a net income of approximately $1,950 a month.  In addition, she reports having cash on hand in the amount of $1,390.  She owns two vehicles, with a total value of about $1,800.  Plaintiff's monthly expenses are not excessive, totaling about $1,135.  Although plaintiff does owe a debt of $10,000 to her financial institution, it appears she is on a payment plan whereby she pays $130 monthly.

Based on this information, the undersigned concludes that plaintiff has sufficient financial resources to pay the court's filing fees.  Accordingly, pursuant to *Lister v. Dept. of*

---

[3]*Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[4]*Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[5]*Garcia*, 164 Fed. App'x at 786 n.1.  *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[6]*Lewis*, 378 F. App'x at 785.

*Treasury*,[7] the undersigned hereby issues this report and recommendation to the presiding U.S. district judge that plaintiff's motion to proceed *in forma pauperis* be denied and that plaintiff be permitted to pay the requisite filing fee in three equal monthly installments.  If plaintiff does not pay the fee, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated July 10, 2017, at Kansas City, Kansas.

　　s/ James P. O'Hara　　
James P. O'Hara
U. S. Magistrate Judge

---

[7]408 F.3d at 1312 (holding that because denial of *in forma pauperis* is a dispositive decision, the magistrate judge should issue a report and recommendation to the district judge rather than deciding the issue outright).